UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| A.H.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHANE HELLYER, in his individual capacity, and CITY OF PROSSER, a Municipal Corporation in the State of Washington,<br><br>　　　　　　　　Defendants. | NO. 4:20-CV-5042-TOR<br><br>ORDER GRANTING MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Joint Motion to Dismiss (ECF No. 2). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Joint Motion to Dismiss (ECF No. 2) is granted.

**BACKGROUND**

This case concerns Plaintiff's allegations that she was harassed and sexually assaulted by Defendant Shane Hellyer while he was acting in his capacity as a

ORDER GRANTING MOTION TO DISMISS ~ 1

police officer for Defendant City of Prosser ("the City").  *See* ECF No. 1-2 at 8-36. Plaintiff raises a Section 1983 claim against both Defendants for the alleged assault and a series of state law tort claims against the City only.  ECF No. 1-2 at 24-27. On February 12, 2020, Plaintiff filed the Complaint in Benton County Superior Court.  ECF No. 1-2 at 8.  On March 3, 2020, Defendants removed this case to federal court, asserting federal question jurisdiction.  ECF No. 1 at 1-2.  On March 11, 2020, Defendants filed a Joint Motion to Dismiss Plaintiff's Section 1983 claim against both Defendants.  ECF No. 2.  Plaintiff failed to respond to the motion.

## DISCUSSION

### A. Failure to Respond to Motion

Plaintiff failed to file any response to Defendants' Motion to Dismiss. Represented parties must file a response to a dispositive motion, such as a motion to dismiss, within 21 days after the filing of the dispositive motion.  LCivR 7(c)(2)(B).  Failure to comply with this rule "may be deemed consent to entry of an order adverse to the party who violates" the rule.  LCivR 7(e).  The hearing date on Defendants' Motion to Dismiss has passed, and Plaintiff failed to file any response to the motion.  Accordingly, the Court deems Plaintiff to have consented to entry of an Order granting the Motion to Dismiss.  LCivR 7(e).

//

**B. Statute of Limitations**

Even if Plaintiff had not consented to Defendants' Motion to Dismiss, Defendants' motion would succeed on the merits.

Defendants move to dismiss Plaintiff's Section 1983 claim on the grounds that it was filed after the statute of limitations ran. ECF No. 2 at 4-6. A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Section 1983 does not have its own statute of limitations, so "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). In Washington, Section 1983 claims are subject to the three-year statute of limitations for personal injury actions. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *see* RCW 4.16.080(2). Although state law allows the statute of limitations for certain claims to be "tolled" while a

plaintiff presents a notice of tort claim to a local government defendant, the Ninth Circuit has explicitly held that this tolling provision does not apply to Section 1983 claims. *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1186 (9th Cir. 2017); *see* RCW 4.96.020(4).

Here, Plaintiff's Section 1983 claim concerns an assault that is alleged to have occurred on December 19, 2016. ECF No. 1-2 at 15-16, ¶¶ 44-55. The Complaint also alleges ongoing sexually harassing phone calls through January 19, 2017. ECF No. 1-2 at 17, ¶¶ 56-57. Plaintiff filed a notice of tort claim to the City on December 13, 2019. ECF No. 3-1. However, Plaintiff did not file her suit until February 12, 2020. ECF No. 1-2 at 8. Plaintiff's notice of tort claim did not toll the statute of limitations for her Section 1983 claim. *Boston*, 852 F.3d at 1186. If Plaintiff's claim is measured by the date of the alleged assault, the statute of limitations ran on December 19, 2019. Even if Plaintiff's claim is measured by the date of the last alleged harassing phone call, the statute of limitations ran on January 19, 2020. Plaintiff's lawsuit was filed nearly one month later. Because Plaintiff's Section 1983 claim is untimely, Defendants' Motion to Dismiss succeeds on the merits. Plaintiff's Section 1983 claim is dismissed, and because this is the only claim raised against Defendant Hellyer, Hellyer shall be terminated as a defendant in this matter.

ORDER GRANTING MOTION TO DISMISS ~ 4

**C. Remand**

Upon dismissal of Plaintiff's Section 1983 claim, the Court considers whether federal subject-matter jurisdiction is present. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). If subject-matter jurisdiction is questionable, the court must raise the issue *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). After a case has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendants removed this case to federal court by asserting federal question jurisdiction over Plaintiff's Section 1983 claim. ECF No. 1 at 2. However, now that the Section 1983 claim has been dismissed, the only claims that remain are state tort claims against the City. ECF No. 1-2 at 25-27, ¶¶ 104-120. Because the basis for federal question jurisdiction has been dismissed, and because the parties are not alleged to be of diverse citizenship, there is no basis for federal subject-matter jurisdiction in this case. Consequently, this matter shall be remanded to state court. 28 U.S.C. § 1447(c).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Joint Motion to Dismiss (ECF No. 2) is **GRANTED**. Plaintiff's Section 1983 claim is dismissed against both Shane Hellyer and the City of Prosser.

2. This case is hereby **REMANDED** to the Benton County Superior Court for all further proceedings concerning the remaining state law claims (former Benton County Superior Court No. 20-2-00338-03).

The District Court Executive is directed to enter this Order, furnish copies to counsel, **terminate** Shane Hellyer as a Defendant, mail a certified copy of this Order to the Clerk of the Benton County Superior Court, and **CLOSE** the file.

**DATED** May 1, 2020.



THOMAS O. RICE
Chief United States District Judge